UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RITA JO BURLESON, | ) | CASE NO. C07-2019-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Having prevailed in her appeal of a decision by the Commissioner of the Social Security Administration, plaintiff moves for an award of attorney's fees, costs, and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 23.) Plaintiff initially requested $8,368.30 in attorney's fees, $58.39 in costs, and $20.25 in expenses, for a total award of $8,447.14. In response, the Commissioner argues for a reduction in the hours of attorney time requested by plaintiff. Plaintiff disputes the Commissioner's arguments and requests an additional $721.07 for time to prepare a reply brief, for a revised total award of $9,089.37.

Having considered the materials submitted in support of and opposition to plaintiff's motion, the Court recommends that plaintiff's motion (Dkt. 23) be GRANTED in part and

REPORT AND RECOMMENDATION
PAGE -1

DENIED in part and that plaintiff be awarded $8,728.53 in attorney's fees, expenses, and costs.

## BACKGROUND

Plaintiff filed an application for Disability Insurance (DI) benefits in 1999 and an application for Supplemental Security Income (SSI) benefits in 2000. (AR 38, 49, 171-73.) In January 2001, an Administrative Law Judge (ALJ) issued a decision finding her not disabled for a certain time period but disabled after March 27, 2000. (AR 49-66.) In July 2003, the Appeals Council granted plaintiff's request for review and remanded the entire matter, which meant the entire time period under consideration. (AR 72-75.) After three hearings spanning over a year, an ALJ in October 2005 issued a decision finding plaintiff not disabled. (AR 20-38.) The Appeals Council denied plaintiff's request for review in November 2007 (AR 11-15), making the ALJ's decision the final decision of the Commissioner. This decision was then appealed to this Court.

In September 2008, the Court issued a report and recommendation that recommended remanding this matter for further administrative proceedings. (Dkt. 20.) Among other things, the Court found that the ALJ failed to articulate limitations necessarily corresponding with neuropsychologist Dr. Douglas Whiteside's assessed moderate limitations in plaintiff's ability to respond appropriately to work pressures and changes in a routine work setting. (Dkt. 20 at 5-8.) The report and recommendation was adopted by the Honorable Robert S. Lasnik without objection. (Dkt. 21.)

On October 24, 2008, plaintiff moved for an award of attorney's fees, costs, and expenses under the EAJA. In his initial response, the Commissioner agreed that fees, costs, and expenses should be awarded but contended that the motion should be denied as premature because the deadline for appealing the order to remand had not yet expired. (Dkt. 25 at 2-3.) The

Commissioner did not, however, state that he intended to appeal the order. The Court adopted plaintiff's suggestion to renote the motion for EAJA fees, costs, and expenses for December 12, 2008, and stated that "[t]he parties are encouraged to confer with one another about simple scheduling matters prior to filing unnecessary papers." (Dkt. 27.) The Commissioner never appealed the order to remand. Instead, he filed an eight-page response to plaintiff's EAJA motion in which he agrees that plaintiff is entitled to fees, costs, and expenses but challenges the fees sought. (Dkt. 28 at 2.) Plaintiff then filed a nine-page reply. (Dkt. 29.)

Plaintiff was represented in this matter by Robert Friedman, an attorney in Everett, Washington, and Eric Schnaufer, an attorney in Evanston, Illinois. Both Mr. Friedman and Mr. Schnaufer are highly experienced attorneys in the field of Social Security law. Mr. Schnaufer drafted the briefs in the Social Security appeal and the EAJA motion. Plaintiff requests an award of fees for 7.0 hours for Mr. Friedman's time and 44.8 hours for Mr. Schnaufer's time, for a total of 51.8 hours.[1] Plaintiff requests that fees be calculated at hourly rates of $166.46 for time in 2007 and $175.87 for time in 2008. The Commissioner contends that the number of hours that plaintiff's attorneys spent on this matter was excessive. He requests that the attorney time claimed by plaintiff be reduced by 12.7 hours (from the originally requested 47.7 hours to a total of 35.0 hours), all of which could be calculated at the 2008 hourly rate of $175.87. (Dkt. 28 at 6-7.)

**DISCUSSION**

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in this matter. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise

---

[1] This figure includes 5.4 hours of time on issues related to her EAJA fee application and the instant motion.

unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

**A.     Time Spent Briefing the Merits of Plaintiff's Case**

The parties dispute the time spent by plaintiff's attorneys on briefing the merits of plaintiff's case. Plaintiff's counsel claims 30.5 hours for her opening brief (30.0 hours for Mr. Schnaufer, .5 hours for Mr. Friedman) and 10.8 hours for her reply brief (9.7 hours for Mr. Schnaufer, 1.1 hours for Mr. Friedman[2]), for a total of 41.3 hours for briefing the merits of her case. (Dkt. 23, Ex. B, Ex. C.) The Commissioner proposes that the Court award 35.0 hours of attorney time in total and challenges only the time spent crafting plaintiff's arguments. (Dkt. 28 at 2-8.) The Commissioner therefore implies that plaintiff's counsel should have reasonably spent 6.3 hours less time on briefing than has been claimed.

The Commissioner lists a number of reasons to reduce the fee award: (1) plaintiff's counsel spent less time on briefing than was actually billed; (2) plaintiff's counsel should not have included several of the arguments on which plaintiff did not prevail; and (3) the present case was not complex enough to deviate from the general average of 20 to 40 hours total that is a reasonable award in most Social Security cases. (Dkt. 28 at 2-7.) None of the Commissioner's contentions are persuasive. First, there is no indication whatsoever that plaintiff's counsel spent less time on this case than was recorded. Counsel did not simply recycle arguments; rather, counsel provided useful, relevant, and detailed discussions of the facts, authority, and administrative record.

---

[2] This figure includes .6 hours listed as "[r]ead response brief and file review." (Dkt. 23, Ex. B at 1.)

REPORT AND RECOMMENDATION
PAGE -4

Second, although the Court did not agree with all of plaintiff's arguments, none of them was frivolous or advanced in bad faith.[3] Plaintiff prevailed on the outcome of the underlying claim and is entitled to attorney's fees, costs, and expenses incurred for all work reasonably performed in pursuit of the ultimate result, including efforts expended on unsuccessful issues. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). Third, this case involved an administrative record of 1,076 pages, four administrative hearings, seven main medical professionals, six alleged assignments of error, and a situation in which the Appeals Council took away benefits previously granted and the ALJ issued a 19-page, single-spaced final decision. There is no hard-and-fast cap on attorney fee awards at 40 hours that should be applied regardless of the circumstances. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *see, e.g.*, *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding attorney's fees for 65.75 hours of district court litigation); *see also Riley v. Barnhart*, C04-168JLR, Report and Recommendation (Mar. 8, 2005) (this Court recommending a reduced fee award for Mr. Friedman and Mr. Schnaufer of 49.2 hours, which included 45.2 hours for matters related to the underlying litigation and 4 hours for

---

[3] In fact, this Court recommended adopting plaintiff's approach to one issue that the Commissioner now contends should never have been briefed. ( *Compare* Dkt. 28 at 5 (Commissioner referring to plaintiff's concession that the ALJ's failure to include certain postural limitations assessed by examining physician would constitute harmless error) *with* Dkt. 20 at 12 (Court noting that although plaintiff conceded that the ALJ's failure to include the examining physician's assessment of postural limitations was harmless error, on remand the ALJ should either include a discussion of those postural limitations or explain why they were omitted).)

REPORT AND RECOMMENDATION
PAGE -5

the EAJA fee application), *adopted without objections by* Order on Plaintiff's Motion for EAJA Fees (Mar. 28, 2005).

Nevertheless, the Court recommends reducing the fee award by 1.6 hours for a reason not addressed by the Commissioner: the time requested for briefing includes some duplication of efforts. Although Mr. Schnaufer had sole responsibility for drafting the briefs, plaintiff bills for Mr. Friedman's time to read the opening, response, and reply briefs and to review the file. (Dkt. 23, Ex. B at 1, Ex. C at 1.) It appears duplicative for one highly experienced attorney to charge additional fees simply for reading the work of another highly experienced attorney. With this reduction, the amount of time allowed for drafting plaintiff's opening and reply briefs would be 39.7 hours. This amount of time would be reasonable in light of the quality of the briefs, the number of issues involved, and the results obtained for the client.

**B.      Time Related to Other General Matters**

Plaintiff also seeks EAJA fees for the following work performed by Mr. Friedman:

| Date | Hours | Event |
| --- | --- | --- |
| 1/7/08 | 0.1 | Read minute order regarding IFP forms deficient. |
| 1/9 | 0.3 | Meet with assistant to file errata and new IFP forms. File review. |
| 1/11 | 0.1 | Read order granting IFP. |
| 1/11 | 0.1 | Read notice of initial assignment. |
| 2/5 | 0.1 | Read N/A by Franco Luciano Becia. |
| 2/8 | 0.1 | Read N/A by Brian Kipnis. |
| . . . . | | |
| 3/24 | 0.1 | Read briefing schedule. |
| 3/26 | 0.1 | Read minute order reassigning case to Robert S. Lasnik and referring to Magistrate Judge Mary Alice Theiler |

The Commissioner does not challenge these charges and the Court is convinced that the time log is accurate. Nevertheless, an experienced attorney need not charge his client for correcting a deficiency in an *in forma pauperis* application that should have been filed properly in the first place. Furthermore, reading two notices of appearance, a briefing schedule, and a referral order should take cumulatively no longer than a few minutes. The Court therefore recommends that the hours claimed for these general tasks be reduced by .9, i.e., from 1.0 hour to .1 hour. The other unchallenged fees for general matters appear to be reasonable. These time entries were for short consultations with plaintiff and discussions regarding litigation strategy.

**C.      Time for EAJA Fee Application Matters**

Plaintiff also requests 5.4 hours of attorney time spent on EAJA fee application matters and briefing (4.5 for Mr. Schnaufer, .9 for Mr. Friedman). Of those hours, it appears that 1.3 were spent preparing time records and drafting the opening EAJA motion with supporting documents, and 4.1 were spent by Mr. Schnaufer on December 12, 2008 in replying to the Commissioner's eight-page response to plaintiff's initial fee request. Plaintiff may be awarded fees for hours reasonably expended in seeking attorney's fees under the EAJA. *See Comm'r, INS v. Jean*, 496 U.S. 154, 158-60 (1990).

Although the Commissioner advanced meritless arguments—and the Court recommends a fee reduction based on reasons the Commissioner should have raised but did not—each of the arguments was directed toward interpreting the law, the administrative record, and the conduct of the litigation. Plaintiff does not seek fees for having had to reply to the Commissioner's needlessly argumentative initial response to the application (Dkt. 25), and neither the 4.1 hours spent on plaintiff's detailed second reply nor the 1.3 hours spent on preparing the initial

documentation appear to be excessive. The Court therefore recommends that 5.4 hours be allowed as reasonable time for EAJA fee application matters.

## SUMMARY AND CONCLUSION

Consistent with the discussion above, the Court recommends that plaintiff's motion be granted in part and denied in part. It is recommended that the attorney hours claimed by plaintiff be reduced by a total of 2.5 hours. After this reduction, plaintiff would be allowed a total of 49.3 hours for attorney time in this matter (43.9 hours for matters related to the underlying litigation, and 5.4 hours for matters related to the EAJA fee application). Of this total, 2.2 hours would be allowed for time in 2007 at a rate of $166.46, and 47.1 hours would be allowed for time in 2008 at a rate of $175.87.

The total recommended award for attorney's fees would be $8,649.69. Plaintiff should also be allowed the full amount of her claimed costs ($20.25) and expenses ($58.59), for a total award of $8,728.53. A proposed Order accompanies this Report and Recommendation.

DATED this <u>13th</u> day of January, 2009.

Mary Alice Theiler
United States Magistrate Judge